[PHILADELPHIA, MARCH 27, 1829.]

| 1 R | 223 |
|-----|-----|
| 208 | °232 |

## ARNOLD and another, *against* GORR and another.

A difference between the sheriff's deed, and the levy, *Venditioni Exponas,* and conditions of sale, in stating the number of acres contained in a tract of land, is unimportant.

Though the conditions of sale are not essential to support an ejectment by the sheriff's vendee, yet being part of the *res gestæ,* they are admissible in evidence.

An ancient deed, which has not accompanied the possession, is not admissible in evidence without proof of its execution.

The record of a judgment, sheriff's sale thereon, sheriff's deed, and mesne conveyances to the party offering them, are not evidence, where no interest in the land sold by the sheriff, is shown in the defendant in the judgment.

A defendant whose property has been sold by the sheriff, cannot defeat the purchaser in obtaining possession, by connecting himself with one who may have a good title.

A judgment was confessed before a justice of the peace on the 11th of *August,* 1823, for a sum exceeding one hundred dollars.   A transcript of this judgment was filed in the Court of Common Pleas, on the 20th of the same month. The plaintiff afterwards took out an execution from the justice, which was returned—"No goods could be found to satisfy the demand:" a certificate to which effect was carried to the prothonotary's office, together with a *præcipe* for a *Fieri Facias,* on the 7th of *April,* 1824.   The prothonotary instead of filing this certificate with the transcript already filed, filed and docketed it as a new transcript, and marked the execution as having issued upon it. *Held,* that all these proceedings must be taken together, as constituting one whole, and that, therefore, they were regular.   But if they were not so, they could not be inquired into collaterally, the remedy being, if any error actually existed, by motion to the Common Pleas, before the sheriff's deed is acknowledged; and it makes no difference whether the purchaser at sheriff's sale is the plaintiff in the execution or a stranger.

THIS ejectment, in which *John Arnold* and *John Miller* were plaintiffs, and *Jacob Gorr* and *Garbutt Fisher,* defendants, was tried at the Circuit Court of *Northampton* county, on the 8th of *April,* 1828, before the Chief Justice, under whose direction the jury found a verdict for the plaintiffs.

(Arnold and another *v.* Gorr and another.)

The defendants moved for a new trial, and in arrest of judgment, and filed several reasons in support of each motion, both of which were overruled by the court; whereupon an appeal was entered.

In this court the cause was argued by *Scott* and *Binney,* for the appellants, who cited *Yelv.* 179, 180. *Lessee of Samms* v. *Alexander,* 3 *Yeates,* 268. *Hawk* v. *Stouch,* 5 *Serg. & Rawle,* 161. *Bull. N. P.* 255. 1 *Phil. Ev.* 404, 405, 406, (*note.*) *Jackson* v. *Blanshan,* 3 *Johns. Rep.* 295. *Lessee of Thomas* v. *Horlocker,* 1 *Dall.* 14. 1 *Inst.* 6, *b.* *Healy* v. *Moul,* 5 *Serg. & Rawle,* 184. *M'Gennis* v. *Allison,* 10 *Serg. & Rawle,* 198. *Smith* v. *Painter,* 5 *Serg. & Rawle,* 225. *Freedly* v. *Sheetz,* 9 *Serg. & Rawle,* 156. *Simpson* v. *Jack,* 13 *Serg. & Rawle,* 278. *Lenox* v. *M'Call,* 3 *Serg. & Rawle,* 102. 4 *Mass. Rep.* 641. *Powers* v. *The People,* 4 *Johns. Rep.* 292. *Alberty* v. *Dawson,* 1 *Binn.* 105. *Thomas* v. *Culp,* 4 *Serg. & Rawle,* 271. 2 *Madd. Ch.* 189, 325. *Amb.* 676. 2 *Atk.* 175. And by

*J. M. Porter* and *Tilghman,* for the appellees, who cited, *Fisher* v. *Larrick,* 3 *Serg. & Rawle,* 319. *Lessee of Peters* v. *Condron,* 2 *Serg. & Rawle,* 82. *Brannan* v. *Kelley,* 8 *Serg. & Rawle,* 479. *Lessee of Culbertson* v. *Martin,* 2 *Yeates,* 443. *Stahle* v. *Spohn,* 8 *Serg. & Rawle,* 317. *Jackson* v. *Bush,* 10 *Johns. Rep.* 223. *Jackson* v. *Graham,* 3 *Caines,* 188. *Eisenhart* v. *Slaymaker,* 14 *Serg. & Rawle,* 153.

The questions discussed on the argument, and the substance of the case as it appeared in evidence on the trial, will be found in the opinion of the court, which was delivered by

SMITH, J.—In this case the plaintiffs, on the trial, proved title in *Jacob Gorr,* by showing a precisely descriptive warrant to him, dated the 21st of *October,* 1818, the payment of the purchase money, and a survey, made in pursuance of the said warrant, on the 1st of *October,* 1823, which was accepted in the surveyor general's office on the 26th of *February,* 1824.

To show that this title had been transferred to them, they proved that there had been filed, in the prothonotary's office of *Northampton* county, a transcript of a judgment obtained before a justice of the peace, at the suit of *John Arnold, John Miller,* and *William Kester,* against the said *Jacob Gorr,* for one hundred and ninety-six dollars and two cents, and costs; a *Fieri Facias* from the Court of Common Pleas of the said county to *August* Term, 1825; a levy, inquisition, and condemnation; a *Venditioni Exponas* to *November* Term, 1825; a sale by the sheriff, and a sheriff's deed duly acknowledged to *John Arnold* and *John Miller,* two of the plaintiffs in the judgment, for the premises in dispute. The levy, the *Venditioni Exponas,* and the conditions of sale, describe the premises by the same adjoiners mentioned in the sheriff's deed, but state the contents to be one hundred and ninety acres; but the deed states the contents to be one hundred and thirty acres. This has

(Arnold and another *v.* Gorr and another.)

evidently been a mere clerical error in drawing the deed. It is not important, as the contents are mere matter of description.

The plaintiffs then offered in evidence the conditions of sale, to which the defendants objected; the court, however, admitted them, and noted the objection; and this forms one of the reasons assigned for a new trial. I do not see that the conditions of sale were very essential to the support of the plaintiffs' claim, but they were part of the *res gestæ,* and certainly not irrelevant. I see no error in their admission.

The ejectment was only served on *Jacob Gorr.* But on motion to the Court of Common Pleas, " *Garbutt Fisher* claiming to be landlord of the defendant, *(Jacob Gorr)* was admitted, and made co-defendant." And on the trial he attempted to defeat the plaintiffs' claim by showing a loosely descriptive application, No. 1806, dated the 21st of *August,* 1766, in the name of *John Keyser;* a survey under it, on the 1st of *October,* 1823, five years after the date of *Jacob Gorr's* warrant; and a patent, dated the 20th of *December,* 1824, to *Garbutt Fisher,* which recited the above-mentioned application and survey, and certain intermediate conveyances from *John Keyser* down to *Garbutt Fisher.*

He also offered the following matters in evidence, which the Chief Justice rejected, and noted.

A deed poll from *John Keyser* to *Joseph Galloway,* dated the 15th of *August,* 1766, but made no proof of its execution; and a deed poll, endorsed thereon, from *Joseph Galloway* to *Robert Levers,* dated the 8th day of *June,* 1776. These deeds were not proved, or acknowledged; but to the latter there was a subscribing witness.

The record of a judgment in the Court of Common Pleas of *Northampton* county of *September* Term, 1788, No. 97, at the suit of *William Fisher,* assignee of *Thomas Ashton* v. *Mary Levers,* and *George Levers,* administratrix and administrator of *Robert Levers,* a sheriff's sale under it, and a sheriff's deed to *Thomas Fisher,* from whom they proposed to deduce title to *Garbutt Fisher.*

The record of an ejectment in the Circuit Court of the *United States* brought to *April* Sessions, 1825, for the land in dispute by the lessee of *Garbutt Fisher* v. *Jacob Gorr,* in which the plaintiff obtained judgment on the 27th of *May,* 1825, and evicted the defendant under a *Habere Facias Possessionem.*

And a lease, dated the 29th of *September,* 1825, at the time of the service of the *Habere Facias,* from *Garbutt Fisher* to *Jacob Gorr,* for the lands in dispute.

The rejection of the above stated evidence is urged in support of the motion for a new trial, as well as alleged misdirection in the court, who charged the jury, that the judgment given in evidence was sufficient to support the executions, and that the defendant in an execution, whose property has been sold by the sheriff, shall not defeat the purchaser in obtaining possession, by fastening himself to one who may have a good title.

(Arnold and another *v.* Gorr and another.)

The two deeds poll were properly rejected. They had not accompanied the possession, and therefore do not come within the rule, familiar to all which permits ancient deeds, which have come along with, and accompanied the possession, to be given in evidence without proof of their execution. See *Gilb. Law of Evid.* 94, 95.

The record of the judgment of *William Fisher*, Assignee, &c. v. The Administrators of *Robert Levers*, the sheriff's sale, sheriff's deed to *Thomas Fisher*, and mesne conveyances under this judgment to *Garbutt Fisher*, were properly rejected, as no interest in the lands was shown to have existed in *Robert Levers.*

The record of the action of ejectment in the Circuit Court of the *United States*, and the lease, were properly rejected, because the defendant in an execution, shall not be permitted to defeat the purchaser at sheriff's sale by such a proceeding. It would be opening the door to fraud and collusion. The purchaser has whatever estate the debtor had at the time of judgment rendered, and he must recover the possession where, as in this case, the defendant continues in possession, or the object of the law, the satisfaction of the debt, would be defeated. Here, too, the judgment in the ejectment was subsequent to the judgment under which the property was sold, and even to the issuing of the *Fieri Facias;* and the lease was subsequent to the levy and condemnation.

But one other matter remains to be considered. Was the judgment sufficient to support the executions and sale? It is evident, that the judgment before the justice was rendered on the 11th of *August*, 1823, by the defendant voluntarily appearing and confessing judgment for an amount exceeding one hundred dollars. A transcript of this judgment was filed in the Court of Common Pleas on the 20th day of the same month. The plaintiffs subsequently took out an execution before the justice, which was returned, "No goods could be found to satisfy the demand;" a certificate to which effect they carried to the prothonotary's office, together with a *precipe* for a *Fieri Facias* on the 7th of *April*, 1824. The prothonotary, instead of filing this certificate, with the transcript already filed, filed and docketed it as a new transcript, and marked the executions as having issued upon it.

We sit here to do substantial justice, and not to catch parties in nets of form. We must make great allowances and large intendments in support of our judicial proceedings, which are generally not very formally kept; and I would therefore be for connecting all these proceedings together, making a *whole* of all the parts. If so, they appear perfectly regular.

But these proceedings cannot be overhauled collaterally. The defendant in the execution could have taken advantage of any error that actually existed, by motion to the Court of Common Pleas, before the sheriff's deed was acknowledged. The filing of the transcript made the judgment, a judgment of the Court of Common Pleas for all purposes of proceeding against real estate. That court

(Arnold and another *v.* Gorr and another.)

is one of general jurisdiction; and, therefore, the rule as to inferior tribunals and limited jurisdictions does not apply to it or to its proceedings.

I can see no difference, or reason for a difference, between the case of the plaintiff in the execution becoming the purchaser, and that of a stranger. The act of assembly is general in its provisions in protecting purchasers, and I see no reason for restraining it to strangers only. The *dicta* of Judge YEATES, in *Samm's Lessee* v. *Alexander*, 3 *Yeates*, 268; and in *Hiester's Lessee* v. *Fortner*, 2 *Binn.* 40, founded on *Goodyer* v. *Junce*, in *Yelverton*, 179, much as I am disposed to respect his opinions generally, were not given on any points that arose in those causes, and without taking into consideration our act of assembly, which, I think, is decisive. On the whole, being satisfied with the verdict, and seeing no error, either in the decision as to the evidence, or in the charge of the court, I am for letting the verdict stand. The judgment of the Circuit Court is therefore affirmed.

Judgment affirmed.