December 12th, 1904.

———O———

## No. 3509.

### (Court of Appeal, Parish of Orleans.)

## CATHERINE BUHR, Wife of Charles Haulter, vs. MR. AND MRS. JAC. LEVY, Sr., et als.

Appeal from Civil District Court, Division "A."

Robert J. Maloney and J. B. Habans, for Plaintiff and Appellee.

Edgar M. Cahn, for Defendants and Appellants.

1. Where, in a suit for the settlement of a partnership, the appointment of a receiver or liquidator becomes necessary to effect the object of the suit, the Court may appoint one. The power to do so not only belongs to the class of incidental powers which Courts have full authority to exercise, but is especially conferred on the District Courts of this State by the Constitution.

2. The appointment rests in the sound discretion of the Court to be exercised or not as the circumstances of each case seem to demand, taking into consideration the preservation of the property and its proceeds, and the protection of the rights of all parties as their

47

interest may appear in the final adjudication.

3. Art. 1135 C. C. does not confer the exclusive right on the Succession representative, of a deceased partner to initiate the action for a partition, so called, of the partnership affairs. The surviving partner may sue the Succession representative for "partition" or liquidation.

4. In either event the action must be brought in a Court of ordinary jurisdiction.

5. In a proper case a liquidator may be appointed for a partnership whether the partnership be "subsisting and existing," or has been dissolved by limitation, or by mutual consent, or by the death of one of the partners, if the partnership agreement is silent as to the method of closing up the business and the members of the firm cannot agree in reference thereto.

MOORE, J. Alleging that she and one Charles Levy had, in April, 1887, entered into a contract of partnership for the purpose of conducting a dairy in the City of New Orleans; that said business under said contract was so conducted by them until the 30th day of November, 1903, when the said Levy died, thus, by operation of law, dissolving said partnership; that thereupon the heirs of said Levy, all of whom are of age and who were sent into possession of his estate, took forcible possession, and against and over her remonstrations and protest, of all the property of said partnership and have refused to render her an account thereof, or of the partnership affairs; that, hence, the affairs of said partnership have never been settled and adjusted and the respective interests of the partners ascertained, the plaintiff brought her action contradictorily with Levy's heirs for a settlement and liquidation of the partnership. Her prayer is that an inventory of all the property and effects of said partnership be taken and due appraisement thereof made; that, fearing the concealment and disposition of the property pending a hearing of the cause, the property and effects of the partnership be judicially sequestered; that a liquidator be appointed; that the rights

of the respective parties be fixed and determined and that upon final and full liquidation of the affairs of said partnership, and the fixation of petitioner's rights therein and the establishment of the amount due and coming to her as her share and interest in the partnership, judgment for such sum, so found, be rendered against the defendants.

To this petition defendants excepted on several grounds, not necessary to be stated, as they were all abandoned save one, that of "no cause of action."

These exceptions having been referred to the merits defendants, with full reservation of their rights under the exceptions, answered by general denial.

There was a judgment for plaintiff recognizing the partnership; ordering its liquidation and decreeing the necessity for the the appointment of liquidators but postponing their appointment for a later day.

The exception of no cause of action opposes the right of the surviving partner to provoke the settlement and liquidation of the partnership in any other forum than that in which the succession of the deceased partner is opened and outside of those proceedings, as is the case here; and challenges the right of the Court, in any event, to appoint receivers or liquidators, for a partnership dissolved by the death of one of the partners.

The argument on the first proposition is that upon the death of a partner of an ordinary partnership, as this is, his succession representative, and he alone, must sue for a partition in order that the part which belonged to the deceased in the partnership may be ascertained, and that this action must necessarily be taken in the succession proceedings, and Article 1135 C. C. is cited as authority for this contention.

In support of the second proposition it is urged that Art. 133 of the Constitution, Act No. 158 of 1898 and State ex rel Dauphin vs. Judge. 108 La. 521, which interprets this constitu-

49

tional article and legislative act, clearly indicates that liquidators to partnerships may no longer be appointed save to "partnerships that were subsisting and existing, *id est* not terminated by the death of one of the members." There is no merit whatever in these contentions.

## I.

Pretermitting the fact that in the instant case the Succession of Levy, (the deceased member) was never opened, so far at least as the record shows, and that all the heirs are of age and have gone into possession of his estate, and that therefore there is neither Succession proceeding in which to take action nor Succession representatives to initiate same, nonetheless, Art. 1135 C. C. does not propound an exclusive right in the succession representative of the deceased member of a partnership to institute the action of "partition," so called, which is nothing more nor less after all than the act of separating into portions and distributing the parts among the partners, which is the purpose of the ordinary "liquidation" proceeding. That article merely makes it the duty of the succession representative to take steps looking to the ascertainment of the interest of the deceased in the partnership so that the "part which belonged to the deceased in the partnership may come into his possession", and, forming a part of the active mass of the assets, be administered upon by him. The initiative, looking to that end, may be taken as well by the surviving partner as by the succession representative of the deceased member of the partnership. Such a suit, if initiated by either, is a suit of the same nature and kind as may be instituted by and brought against surviving partners, an ordinary suit for the settlement and liquidation of the partnership. If instituted by the Succession representative, the suit must be brought in a Court of ordinary jurisdiction, 1 R. 226; 14 A. 643; 31 A. 152; 32 A. 364, 1229; just the same as if brought by the surviving member. It is in either event an ordinary action as contradistinguished

from a probate proceeding.

## II.

The power of a Court exercising equity powers, as do the District Courts of this State, C. C. 21, 1964 C. P. 130, to appoint a receiver or liquidator in matters of partnership, is of long standing, and unquestionable. The appointment is but an incident to the main proceeding, the "partition," the settlement and liquidation of the partnership. We consider the power of the Court to appoint a receiver in a case of this kind, to be necessary for the purpose of effecting the object of this suit which is the liquidation and settlement of a partnership, and it falls within that class of incidental powers which Courts have full authority to exercise. Story on Partnerships, 333 C. C. 31., 2 A. 87. There is, and necessarily can be no fixed rule within the limits of which Courts can be controlled in making such appointments. The appointment rests in the sound discretion of the Court, 40 A. 353, to be exercised or not as the circumstances of each case seem to demand, taking into consideration the preservation of the property and its proceeds and the protection of the rights of all parties as their interest may appear in the final adjudication. And this right in the Courts to appoint a receiver or liquidator exists whether the partnership is "subsisting and existing," or has been dissolved by limitation, by mutual consent or by the death of one of the parties, if the partnership agreement is silent as to the method of closing up the business and the members of the firm cannot agree in reference thereto.

Article 133 of the Constitution which confers jurisdiction on the Civil District Court for the Parish of Orleans, whence this appeal comes, in "all proceedings for the appointment of receivers or liquidators to corporations or partnerships" does not restrict or limit the appointment to any particular kind or character of partnership, nor does it define the circumstances or conditions that must exist in order to warrant the Court in making

the appointment; nor does it confine the appointment to "sub-sisting and existing" partnerships and exclude it from partner-ships dissolved by limitation, mutual consent or by death. Neither is there any statute to this effect. Act. 159 of 1898 relied on by appellant, refers specifically and exclusively to the appoint-ment of receivers for corporations. So far, therefore, as "part-nerships" are concerned the rule with reference to the appoint-ment of liquidators therefor, whether in cases where the partner-ship has already been dissolved or not, and as to the conditions and circumstances which may exist in each case and which may justify the appointment, the rule is to-day what it was prior to the adoption of the present Constitution, id est—that these mat-ters are regulated by jurisprudence.

Jurisprudence has never made any distinction between "exist-ing and subsisting" partnerships and those dissolved, so far as the incidental right of appointing liquidators therefor, when their liquidation is sought, is concerned; Pratt vs. McHattin, 11 An. 260; nor has jurisprudence varied from the rule that the necess-ity for the appointment rests within the sound discretion of the Court according as the circumstances may appear. Nor does State ex rel Dauphin vs. Judge, 108 La. 531, teach a different doctrine. In that case the Court was dealing with neither a "corporation" nor a "partnership." The Court was emphatic in its declaration that the jurisdiction of our Courts in the matter of the appointment of receivers and liquidators is confined to cor-porations and partnerships, and "that the authority to make such appointments in other cases was and has been withheld." The case which the Court was reviewing was one in which, as the Court found, a receiver for a Succession was applied for.

On the merits the case is entirely with the plaintiff. A care-ful reading of the evidence satisfies us that a partnership existed between the plaintiff and the deceased Levy; that the heirs of Levy took unlawful possession of the partnership property; that a liquidation of the partnership be had and that the circumstances of this case are such as to wrrant the conclusion of the district

52

Judge that a liquidator should be appointed.

We append hereto and make same part of our opinion our esteemed brother's

### REASONS FOR JUDGMENT.

"The evidence in this case is conflicting, but I have no doubt that Charles Levy received two hundred and fifty ($250.00) dollars from plaintiff for investment in the dairy business, and that plaintiff went to live at his place, and to work with him in said business, with the understanding that she was to have one-half (1-2) of the profits. The sale to his mother is peculiar in its execution and in all that attended it, with no change in the management, I believe was caused by the fear of prosecution in a suit for damages; and there is too much in the way of fact, proved by many witnesses, to show plaintiff's interest in the business for her claim to be waivered away, by negative, indeterminate conjecture; she did part of the dairy work, such as a woman could do; she was doing the sewing and working, keeping the money earned and paying bills. She had no motive to be there if she had no interest. The evidence is positive that money was earned and that the stock was replenished. Charles Levy's sale to his mother could not defeat plaintiff's right, nor could William Levy's interest with Charles Levy have this effect. The business was up to Charles Levy's death conducted by him, and plaintiff had the half interest in whatever Charles. Levy received in the dairy. Nothing but liquidation and proof can establish what this interest was, and plaintiff is entitled to this liquidation.

"Judgment for plaintiff accordingly. As to chosing liquidators I will hear the parties.

(Signed.)                              "T. C. W. ELLIS,
                                              *"Judge."*

New Orleans, La., April 27th, 1904.

The judgment appealed from is affirmed.

December 12th, 1904.

Writ denied by Supreme Court February 14th, 1905.