FILED
United States Court of Appeals
Tenth Circuit

November 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL LEE LARSEN,

Defendant - Appellant.

No. 15-4109
(D.C. Nos. 2:04-CV-00875-DAK &
2:00-CR-00041-DAK-1)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Daniel Lee Larsen seeks to appeal from the district court's denial in part and

dismissal in part of his Fed. R. Civ. P. 60(b)(4) motion seeking relief from his

criminal judgment. We deny a certificate of appealability (COA) and dismiss this

matter.

## I. BACKGROUND

In 2001, a jury convicted Mr. Larsen of six counts related to the possession,

manufacture, and distribution of methamphetamine and one count of possessing a

firearm in furtherance of a drug trafficking offense. He was sentenced to

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

384 months' imprisonment. This court affirmed on direct appeal, *see United States v. Larson*, 63 F. App'x 416, 428 (10th Cir. 2003), and Mr. Larsen unsuccessfully pursued a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, *see United States v. Larsen*, 175 F. App'x 236, 243 (10th Cir. 2006) (denying a COA).

In July 2015, Mr. Larsen filed a Rule 60(b)(4) motion asserting (1) the district court failed to address a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that was in his original § 2255 motion; (2) the criminal judgment was void because it violated the Due Process Clause and the Ex Post Facto Clause and thus resulted in an illegal sentence; and (3) if the district court could not hear his claims, then the Antiterrorism and Effective Death Penalty Act's (AEDPA) limitations on second or successive § 2255 motions were unconstitutional. The district court held that the first two claims actually were substantive attacks on the criminal judgment, and therefore they were unauthorized second or successive § 2255 claims. It dismissed them for lack of jurisdiction. *See* 28 U.S.C. § 2255(h) (limiting second or successive motions); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (holding that district court has no jurisdiction to decide unauthorized second or successive § 2255 claims). In contrast, the district court held that the third claim was properly asserted under Rule 60(b) because it alleged a defect in the habeas proceeding itself. The court further held, however, that this claim failed on the merits.

## II. DISCUSSION

To appeal, Mr. Larsen must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008); *Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006). The standard for a COA depends on whether the district court has rejected a claim on the merits or dismissed a filing on procedural grounds. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For a merits decision, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* With regard to a procedural dismissal, however, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

### A.    Second or Successive § 2255 Claims

The district court treated the first and second claims in the Rule 60(b)(4) motion as unauthorized second or successive § 2255 claims. The first claim asserted that the district court did not address the *Apprendi* claim in his original § 2255 motion, and the second claim alleged that the criminal judgment was void because the sentence was in violation of the Due Process Clause and the Ex Post Facto Clause and therefore was illegal.

Mr. Larsen argues that the district court erred in treating the *Apprendi* assertion as a second or successive § 2255 claim because "[a] motion brought to

- 3 -

rectify a district court's failure to address a claim set forth in a habeas petition presents a true Rule 60(b) claim rather than a second or successive § 2255." Aplt. Br. at 2 (internal quotation marks omitted). But in the original § 2255 proceeding, the district court did address Mr. Larsen's claim that certain issues should have been submitted to the jury. It did so by analyzing *United States v. Booker*, 543 U.S. 220 (2005), the then-most-recent decision in a line of *Apprendi* cases. Mr. Larsen complains that he did not cite *Booker*, which was decided after he filed his § 2255 motion, and he states that he seeks a decision based on *Apprendi* itself. Boiled down, therefore, his argument is not that the district court failed to address his claim *at all*, which would qualify as a Rule 60(b) claim, *see Spitznas*, 464 F.3d at 1225, but that the court did not address it *correctly*, which qualifies as a second or successive § 2255 claim, *see Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005); *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012).

Regarding the second claim, before this court, Mr. Larsen reiterates that the district court "exceeded its statutory jurisdiction and imposed an illegal sentence, and violated the ex post facto clause[,] [m]aking Larsen's Sentence/Judgment and Commitment a void judgment." Aplt. Br. at 8. Because these allegations attack the criminal convictions and sentences themselves, no reasonable jurist could debate whether the district court correctly held that this claim was an unauthorized second or successive § 2255 claim. *See Gonzalez*, 545 U.S. at 532; *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006); *Spitznas*, 464 F.3d at 1215-16.

- 4 -

As stated, Mr. Larsen already pursued relief under § 2255. "And because judgment has been entered on [his] first § 2255 motion, it cannot be disputed that this is a second or successive § 2255 motion." *Nelson*, 465 F.3d at 1149. Further, it is clear that "if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148; *see also Cline*, 531 F.3d at 1251. No reasonable jurist could debate the propriety of the district court's dismissal, for lack of jurisdiction, of the first and second claims in the Rule 60(b)(4) motion.

**B.     Rule 60(b) Claim**

The district court treated Mr. Larsen's third claim—that AEDPA's restrictions on § 2255 motions are unconstitutional—as a Rule 60(b) claim, denying relief on the merits. However, Mr. Larsen devotes only a couple of conclusory sentences at the end of his brief to this claim. Therefore, he has not established that reasonable jurists would find the district court's decision to be debatable or wrong. "[W]hether, when, and how the application of § 2255(h)'s limits on second or successive motions might (ever) raise a serious constitutional question" are "important question[s]." *Prost v. Anderson*, 636 F.3d 578, 594 (10th Cir. 2011). "These are, however, matters we decline to pursue in this particular case. We decline to pursue them in part because [the appellant] hasn't. . . . [A]t no point does he develop any argument . . . , or even identify what provision of the Constitution he thinks would be offended by the imposition of § 2255(h)'s bar in his case." *Id.*

- 5 -

### III.  CONCLUSION

Mr. Larsen's motion to proceed without prepayment of costs and fees is granted; however, he is still responsible for filing and docketing fees in the amount of $505.  Payment must be made to the clerk of the district court.  A COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk