**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAUL RODRIGUEZ-DIMAS,

    Defendant - Appellant.

No. 15-4137
(D.C. No. 2:07-CR-00078-TS-2)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

## I.    BACKGROUND

Appellant Raul Rodriguez-Dimas pled guilty to "knowingly and intentionally distribut[ing] or possess[ing] with intent to distribute a controlled substance, to wit: five hundred (500) grams or more of methamphetamine." In particular, Mr. Rodriguez-Dimas admitted that, on or about January 19, 2007, he stored "between 5

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and 10 pounds of methamphetamine" at his residence until the drugs were loaded in a vehicle to be transported by another person.

According to Mr. Rodriguez-Dimas's presentence report (PSR), the offense involved 4.9 kilograms of actual methamphetamine, yielding a base offense level of 38. With a two-level safety-valve reduction and a three-level reduction for acceptance of responsibility, the total offense level decreased to 33. In addition, Mr. Rodriguez-Dimas was placed in criminal-history category I. These calculations resulted in a guidelines sentencing range of 135 to 168 months. On August 23, 2007, the district court sentenced Mr. Rodriguez-Dimas to 135 months' imprisonment and 24 months' supervised release.

On March 11, 2015, Mr. Rodriguez-Dimas filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). Mr. Rodriguez-Dimas argued that, in 2014, the United States Sentencing Commission amended the Sentencing Guidelines applicable to drug trafficking offenses, and the amendment retroactively applied to his case such that he "is likely eligible to file a motion for reduction of sentence." The district court denied the motion, concluding that even with the amendment "there is no change in [Mr. Rodriguez-Dimas's] guidelines since the time of sentencing." Mr. Rodriguez-Dimas now appeals.

## II.    DISCUSSION

We review the district court's denial of a sentence-reduction motion for abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). Although "[f]ederal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed. . . . a district court may modify a sentence when it is statutorily authorized to do so." *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013) (citation omitted). In particular, 18 U.S.C. § 3582(c)(2) permits a sentence modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See also Dillon v. United States*, 560 U.S. 817, 821 (2010) (stating that retroactive amendments may warrant a sentence reduction, but "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission"). Relevant here, the Sentencing Commission issued a policy statement explaining that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" the applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." *See* U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B).

Mr. Rodriguez-Dimas relies on Sentencing Guidelines Amendment 782— effective November 1, 2014, and made retroactive by U.S.S.G. § 1B1.10(d)—which decreased base offense levels for certain drug offenses. U.S. Sentencing Guidelines

Manual supp. app. C (U.S. Sentencing Comm'n 2014). Mr. Rodriguez-Dimas asserts that the change in base offense levels warrants a sentence reduction in his case. But, as the district court recognized, Amendment 782 did not lower the base offense level for offenses involving 4.5 kilograms or more of actual methamphetamine. At the time of Mr. Rodriguez-Dimas's sentencing, offenses involving 1.5 kilograms or more of actual methamphetamine received a base offense level of 38. *See id.* After Amendment 782, the base offense level for 1.5 kilograms or more of actual methamphetamine was lowered to 36, but the Sentencing Commission added a provision retaining a base offense level of 38 for offenses involving 4.5 kilograms or more of actual methamphetamine. *Id.* Because Mr. Rodriguez-Dimas pled guilty to possession of 4.9 kilograms of methamphetamine, Amendment 782 did not lower his base offense level. And Amendment 782 did not affect Mr. Rodriguez-Dimas's criminal history category or the reductions he received at sentencing. *See* U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n. 2. With a criminal history category of I and total offense level of 33, Mr. Rodriguez-Dimas's post-Amendment 782 guideline range also remained unchanged at 135 to 168 months. Accordingly, Mr. Rodriguez-Dimas was not eligible for a sentence reduction under § 3582(c)(2).

Mr. Rodriguez-Dimas also argues that, when the district court decided his § 3582 motion, it was required to re-weigh the factors listed in 18 U.S.C. § 3553(a). But, under § 3582, a district court may not consider the § 3553(a) factors unless it first determines the defendant is eligible for a sentence reduction. *Dillon*, 560 U.S. at 826–27. Because Mr. Rodriguez-Dimas was ineligible for a sentence reduction, the

4

district court did not abuse its discretion when it decided Mr. Rodriguez-Dimas's motion without balancing anew the § 3553(a) factors.

Finally, Mr. Rodriguez-Dimas asserts that the district court's decision cannot stand under *Kimbrough v. United States*, 552 U.S. 85 (2007) (holding that district court could vary from the guidelines' treatment of every gram of crack cocaine as the equivalent of 100 grams of powder cocaine in the drug quantity tables, in order to impose a sentence in line with § 3553(a)(2)'s overarching goals). Because this argument also relates to the district court's failure to reconsider the § 3553(a) factors, it fails for the reasons explained above. Moreover, we have previously rejected the argument that *Kimbrough* provides an independent basis for a sentence reduction. *See Sharkey*, 543 F.3d at 1239 ("*Kimbrough* is . . . not a basis for relief under § 3582(c)(2), which permits a reduction in sentence only if consistent with Sentencing Commission policy statements.").

Our conclusion that Mr. Rodriguez-Dimas was ineligible for a sentence reduction under § 3582(c)(2) is also fatal to the court's subject matter jurisdiction to entertain his motion. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Because Mr. Rodriguez did not bring his claim for a reduction in sentence as a direct appeal or a collateral attack under 28 U.S.C. § 2255, the district court's jurisdiction over the motion must be found, if at all, in § 3582(c)(2). *See United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996). As a result, we affirm the district court's analysis but

5

correct the ultimate disposition. Because the district court lacked jurisdiction, it retained only the power to dismiss for lack of jurisdiction.

### III.   CONCLUSION

Because Amendment 782 does not change Mr. Rodriguez-Dimas's guidelines range, the district court did not abuse its discretion in concluding he was ineligible for a sentence reduction under § 3582(c)(2). But upon reaching this conclusion, the district court should have dismissed the motion for lack of subject matter jurisdiction. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014). We therefore VACATE the order denying Mr. Rodriguez-Dimas's motion and REMAND with instructions to dismiss the motion for lack of jurisdiction.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

6