**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL LEE LARSEN,

    Defendant - Appellant.

No. 16-4088
(D.C. No. 2:00-CR-00041-DAK-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

Defendant-Appellant Daniel Lee Larsen, a federal inmate appearing pro se, appeals from the district court's denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). 1 R. 223. Exercising jurisdiction under 28 U.S.C. § 1291, we remand so the district court may vacate its order and dismiss the motion for lack of jurisdiction.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

In 2001, a jury convicted Mr. Larsen of seven offenses, namely possession of methamphetamine with intent to distribute, conspiracy to manufacture methamphetamine, establishing a methamphetamine operation, possession of listed chemicals (pseudoephedrine), possession of listed chemicals (iodine), attempt to manufacture methamphetamine, and possessing a firearm in furtherance of a drug trafficking offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(d)(2), 846, 856(a)(1), 924(c).

To establish Mr. Larsen's base offense level, the Presentence Report (PSR) detailed the conversions for the weights of pseudoephedrine and iodine recovered to their corresponding weights in methamphetamine (actual) to generate a total of 16.56 kilograms of methamphetamine (actual). Under the 2001 Sentencing Guidelines, the corresponding base offense level for 1.5 kilograms or more of methamphetamine (actual) was 38. U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2001). Mr. Larsen's two-level increase for unlawful discharge, emission, or release of a hazardous toxic substance; two-level increase for obstruction of justice; and two-level decrease for his role as a minor participant resulted in a total offense level of 40. Because the PSR indicated that Mr. Larsen's criminal history points placed him in Category V, his guideline range was 360 months to life, plus an additional 60 months for the firearm offense due to a mandatory minimum requiring 60 months, to be imposed consecutively.

Mr. Larsen filed no objections to the PSR, and at sentencing he only objected to the calculation of his criminal history points, not his offense level. The district court accepted his argument that he was at a Criminal History Category II, which corresponded to a guideline range of 324 to 405 months, and sentenced Mr. Larsen to 324 months on the narcotics charges, plus the consecutive 60 months for the firearm conviction. Mr. Larsen has since made several attempts to attack his sentence that were unsuccessful, as detailed by this court in United States v. Larsen, 631 F. App'x 495 (10th Cir. 2015).

In 2015, Mr. Larsen filed his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending the retroactivity of Amendment 782 rendered him eligible for resentencing and that the district court erroneously calculated the drug quantity that corresponded to his base offense level of 38. The district court denied the motion, 1 R. 223, and Mr. Larsen appealed.

Discussion

Although the denial of a sentence-reduction motion is reviewed for abuse of discretion, United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008), the scope of a district court's authority under § 3582(c)(2) is a question of law and is reviewed de novo, United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013). Generally, federal courts lack jurisdiction to modify a term of imprisonment once it has been imposed. Dillon v. United States, 560 U.S. 817,

819 (2010).  Nevertheless, a district court may modify a sentence if there is statutory authorization to do so.  Graham, 704 F.3d at 1277.  Section 3582(c)(2) allows courts to consider certain factors and reduce a sentence that was based on a sentencing range that subsequently has been lowered by the Sentencing Commission if doing so is consistent with the Sentencing Commission's policy statements.  18 U.S.C. § 3582(c)(2).

In 2014, the Sentencing Commission promulgated Amendment 782, which provides for a retroactive, two-level decrease in the offense levels for certain drug offenses.  Also pertinent here is the Sentencing Commission's policy statement indicating that a sentence reduction is not authorized under § 3582(c)(2) if certain amendments, including Amendment 782, do not have the effect of lowering the defendant's guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).

Here, Amendment 782 does not have the effect of lowering Mr. Larsen's guidelines range.  When he was sentenced, the base offense level for an offense involving 1.5 kilograms or more of methamphetamine (actual) was 38.  After the promulgation of Amendment 782, the base offense level for an offense involving 4.5 kilograms or more of methamphetamine (actual) was 38.  As Mr. Larsen's offense involved 16.56 kilograms of methamphetamine (actual), his base level remains 38.  Accordingly, Amendment 782 did not reduce the applicable guidelines range.

Mr. Larsen contends that the calculation of 16.56 kilograms of

- 4 -

methamphetamine (actual) was in error. Specifically, he argues that the substances found were never tested for purity, which is necessary to determine how much methamphetamine (actual) could be derived from the pseudoephedrine and iodine, and that combining the methamphetamine (actual) equivalents of the two substances constitutes "double counting," thereby impermissibly yielding a higher methamphetamine (actual) equivalency. But Mr. Larsen never objected to the original calculations of his base offense level in the PSR. Because there was no objection and Amendment 782 has no impact on how quantities of drugs are calculated, the district court had no ability to revisit the calculations.

As Amendment 782 did not have the effect of lowering Mr. Larsen's guidelines range, the district court did not err in concluding that he was ineligible for a sentence reduction under § 3582(c)(2). Upon reaching this conclusion, however, the district court should have dismissed the motion for lack of subject matter jurisdiction. See United States v. White, 765 F.3d 1240, 1250 (10th Cir. 2014).

Accordingly, we REMAND to the district court to vacate its order and dismiss the § 3582 motion for lack of jurisdiction. Appellant's motion to proceed *in forma pauperis* is DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 5 -