FILED
United States Court of Appeals
Tenth Circuit

August 28, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JESUS ENRIQUE MORENO,

      Defendant - Appellant.

No. 17-3077
(D.C. No. 2:13-CR-20079-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Mr. Jesus Enrique Moreno was convicted of possession with intent to distribute 500 grams or more of methamphetamine. *See* 21 U.S.C. § 841(a). The sentence was 168 months of imprisonment and 2 years of supervised release.

---

[*]     We conclude that oral argument would not materially help us to decide this appeal. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Mr. Moreno moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), arguing that Amendment 782 to the sentencing guidelines had lowered his base-offense level. The district court disagreed, determining that Amendment 782 had not altered Mr. Moreno's base-offense level. Thus, the district court dismissed Mr. Moreno's motion based on a lack of jurisdiction. We affirm.

We review de novo the district court's authority to reduce a sentence under § 3582(c)(2). *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008). Applying this standard, we consider whether Amendment 782 reduced Mr. Moreno's applicable guideline range. *United States v. Jordan*, 853 F.3d 1334, 1342 (10th Cir. 2017). We answer "no."

When arrested, Mr. Moreno possessed 6.605 kilograms of 100% pure methamphetamine. Based on this weight, the district court used the applicable drug-quantity tables to calculate Mr. Moreno's base-offense level of 38.

The table was later changed when the U.S. Sentencing Commission enacted Amendment 782. But this change did not affect offenders like Mr. Moreno who had been found responsible for 4.5 kilograms or more of 100% pure methamphetamine. These offenders remained subject to a base-offense level of 38. *See* U.S. Sent. Guidelines § 201.1(c)(1); *see also United States v. Larsen*, 664 F. App'x 751, 753 (10th Cir. 2016) ("After the promulgation of Amendment 782, the base-offense level for an offense

involving 4.5 kilograms or more of methamphetamine (actual) was 38."); *United States v. Rodriguez-Dimas*, 651 F.App'x 819, 821 (10th Cir. 2016) (stating that in Amendment 782, the Sentencing Commission retained a base-offense level of 38 for offenses involving 4.5 kilograms or more of actual methamphetamine). Mr. Moreno's 6.605 kilograms of 100% pure methamphetamine exceed the 4.5 kilogram threshold. Thus, his base-offense level remained at 38 even after the adoption of Amendment 782. Therefore, Mr. Moreno's guideline range remained the same.

With no change in the guideline range, the district court was correct in dismissing Mr. Moreno's motion for a sentence reduction. Therefore, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge