**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JUAN PENA-RAMIREZ,

    Defendant-Appellant.

No. 11-1517

(D.C. No. 1:11-CR-00105-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.[**]

_____

Defendant pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) & 846. This offense carries a statutory minimum of 120 months. Id. § 841(b)(1)(A)(viii). For sentencing purposes, the district court calculated Defendant's base offense level as 32. The district court added two levels because Defendant used a firearm during the offense and another two levels because Defendant attempted to obstruct justice, resulting in an offense level of 36. The district court

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

subtracted three levels based on Defendant's acceptance of responsibility. The district court denied the Government's 18 U.S.C. § 3553(e) motion for a variance below the statutory minimum, but granted the Government's motion for a downward departure of four levels pursuant to U.S.S.G. § 5K1.1 (2011).[1] This resulted in a final offense level of 29. Based on a criminal history category of I, the applicable Guidelines range for an offense level of 29 is 87 to 108 months. Without the departure under § 5K1.1, the offense level would have been 33, with an applicable range of 135 to 168 months. Before imposing Defendant's sentence, the district court considered the 3553(a) factors and noted Defendant's "perseverant disregard for the law," "the several drug transactions . . . [when the] defendant [was] armed with lethal weapons . . . including automatic and semiautomatic firearms," and "[the defendant's] anti-social mindset utterly lacking in moral awareness." Rec. vol. 2, at 28. The court further noted Defendant showed "no suggestion of remorse, only regret for getting caught," and that his "prospects for recidivistic behavior are nearly certain" based on his "repeated drug sales, repeated

---

[1] Our circuit's nomenclature regarding "departure" and "variance" has at times been inconsistent. We have clarified, however, that

> when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines, the resulting increase or decrease is referred to as a 'departure.' When a court enhances or detracts from the recommended range through application of § 3553(a) factors, however, the increase or decrease is called a 'variance.'

United States v. Atencio, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007) (en banc) overruled in part on other grounds by Irizarry v. United States, 553 U.S. 708 (2008). A decision to impose a sentence below the statutory minimum is also properly labeled a "variance." Pepper v. United States, 131 S. Ct. 1229, 1245–46 n. 12 (2011).

illegal entries, and indifference to the truth . . . ." Id. at 28, 29. Based on these factors, the district court sentenced Defendant to the statutory minimum of 120 months. On appeal, Defendant argues his sentence is substantively unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742, we affirm.

I.

Defendant only challenges the substantive reasonableness of his sentence. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Beltran, 571 F.3d 1013, 1018 (10th Cir. 2009) (internal quotations omitted). "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007). As we stated in Conlan,

> [A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task.

Id. (alteration in original) (internal quotations omitted).

We first clarify the appropriate calculation of the Guidelines range. Both the district court and the parties mistakenly identified the applicable Guidelines range as 87 to 108 months. They failed to account for the effect of the statutory minimum on the Guidelines. "Where a statutorily required minimum sentence is greater than the

maximum of the applicable guideline range, *the statutorily required minimum sentence shall be the guideline sentence.*" U.S.S.G § 5G1.1(b) (emphasis added). The Guidelines' commentary provides further clarity: "If the applicable guideline range is 41–51 months and there is a statutorily required minimum sentence of 60 months, the sentence required by the guidelines under subsection (b) is 60 months; a sentence of more than 60 months would be a guideline departure." § 5G1.1 cmt. Therefore, the applicable range for Defendant was not 87 to 108 months, but 120 months. We now address Defendant's arguments in light of the applicable Guidelines range.

A.

Defendant first argues the district court imposed an unreasonable sentence when it "refused to downward depart . . . without any reference to the defendant's substantial assistance" and "wholly ignored his cooperation with and assistance to the Government . . . ." Aplt. Br. at 12, 13. That is, he appears to argue the district court failed to account for his substantial assistance because it denied the Government's motion under 18 U.S.C. § 3553(e). We address in turn the district court's decisions with respect to the Government's motions under § 5K1.1 and § 3553(e).

As noted, the Guidelines range was not 87 to 108 months after the court granted the § 5K1.1 motion. A motion under § 5K1.1 does not authorize a district court to depart downward from a statutory minimum because a 5K1.1 departure can *only* affect the Guidelines range. Melendez v. United States, 518 U.S. 120, 127 (1996). Because the correct calculation of the Guidelines range after the § 5K1.1 departure was the same as the statutory minimum, by operation of § 5G1.1(b), the district court imposed the lowest

sentence allowed by the Guidelines. Furthermore, Defendant *did* in fact receive a lower sentence as a result of his substantial assistance. The § 5K1.1 departure decreased Defendant's applicable range from 135–168 months to the statutory minimum of 120 months. Therefore, the court did consider Defendant's substantial assistance when it granted the § 5K1.1 departure and imposed the statutory minimum. Defendant's argument to the contrary is demonstrably false.

Regarding the district court's denial of the Government's 18 U.S.C. § 3553(e) motion, a district court has discretion whether to grant or deny a motion under § 3553(e). United States v. Horn, 946 F.2d 738, 746 (10th Cir. 1991); see also United States v. McCarthy, 97 F.3d 1562, 1577–78 (8th Cir. 1996) (holding that the district court did not err when it granted a § 5K1.1 motion but denied a § 3553(e) motion). The district court could have denied *both* of the Government's motions. United States v. Ollson, 413 F.3d 1119, 1120 (10th Cir. 2005); Horn, 946 F.2d at 746. Yet, the district court took Defendant's substantial assistance into account by granting the Government's motion for a downward departure pursuant to § 5K1.1. The court simply chose, in its discretion, not to vary below the statutory minimum pursuant to § 3553(e), but instead to impose the statutory minimum. That a district court granted a requested § 5K1.1 departure and denied a requested § 3553(e) variance does not show a sentence is unreasonable.

In reviewing the reasonableness of Defendant's sentence, we must consider the grounds for a requested departure or variance. See United States v. Chavez-Diaz, 444 F.3d 1223, 1229 (10th Cir. 2006). Defendant argues his sentence is unreasonable in light

of his substantial assistance to the Government. The Government's motion for a downward variance pursuant to § 3553(e) said:

> While the government believes the information provided by the defendant during his proffer interview was complete and truthful, *agents were not able to pursue many of the avenues of investigation provided by the defendant*, as he had alerted others of the federal investigation after initially meeting with agents at the Jefferson County Jail but *prior to his formal proffer interview*.

Rec. vol. 1, at 58 (emphasis added). Although the record does not reflect the district court's reasoning for denying the Government's § 3553(e) motion, the district court could have easily considered the extent of Defendant's assistance in denying the Government's motion for a variance below the Guidelines. Such consideration was proper and does not result in a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable.

## B.

Defendant's second argument is that "any . . . factors [in § 3553(a)] the trial court relied on in calculating his sentence should have been weighed against those factors in the defendant's favor, i.e., acceptance of responsibility and substantial assistance." Aplt. Br. at 13. As best we can tell, Defendant is arguing that his substantial assistance and his acceptance of responsibility should have been included in the district court's balancing of the § 3553(a) factors. Section 3553(a) lists *exclusive* factors to be considered in imposing a sentence, none of which expressly or impliedly reference "substantial assistance" or "acceptance of responsibility." See 18 U.S.C. § 3553(a). Furthermore, Tenth Circuit precedent reflects separate analyses for a variance under § 3553(e) and determining an appropriate sentence under § 3553(a). See, e.g., United States v. A.B., 529 F.3d 1275,

1286–87 (10th Cir. 2008) (describing different analytical steps for a § 3553(e) variance and a § 3553(a) variance). The record shows the district court properly considered the § 3553(e) motion separate from the § 3553(a) factors. Even if the district court could consider Defendant's substantial assistance and acceptance of responsibility as part of the § 3553(a) factors, § 3553(a) does not authorize a district court to vary below the statutory minimum. See 18 U.S.C. § 3553 (providing authority to depart from the statutory minimum under only § 3553(e) and (f)); see also United States v. Altamirano-Quintero, 511 F.3d 1087, 1089–90 (10th Cir. 2007) (noting the defendant had "two means available to him to avoid" a mandatory minimum sentence through § 3553(e) and (f)); United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004) ("These two narrow exceptions [in § 3553(e) and (f)] are the only authority a district court has to depart below a mandatory minimum sentence . . . ."). Therefore, the district court did not abuse its discretion by applying separate analyses for a variance under § 3553(a) and a variance under § 3553(e).

Reasonableness of a sentence focuses on the district court's consideration of the factors in § 3553(a). Conlan, 500 F.3d at 1169. The district court considered the 3553(a) factors in citing Defendant's "perseverant disregard for the law," "the several drug transactions . . . [when the] defendant [was] armed with lethal weapons . . . including automatic and semiautomatic firearms," "[the defendant's] anti-social mindset utterly lacking in moral awareness," that Defendant showed "no suggestion of remorse, only regret for getting caught," and that his "prospects for recidivistic behavior are nearly certain" based on his "repeated drug sales, repeated illegal entries, and indifference to the truth . . . ." Rec. vol. 2, at 28, 29. Based on these § 3553(a) factors, the district court was

- 7 -

justified in imposing the statutory minimum sentence.  Accordingly, Defendant's sentence was substantively reasonable.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge