**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

C.D.,

     Defendant - Appellant.

No. 15-3318

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

E.F.,

     Defendant - Appellant.

No. 16-3024

---

UNITES STATES OF AMERICA,

     Plaintiff - Appellee,

v.

G.H.,

     Defendant - Appellant.

No. 16-3033

---

**APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**[*]

Paige A. Nichols, Research and Writing Specialist (Melody Brannon, Kansas Federal Public Defender, with her on the briefs), Office of the Federal Public Defender, Topeka, Kansas, for Appellants.

Carrie N. Capwell, Assistant United States Attorney (Thomas E. Beall, Acting United States Attorney, with her on the brief), United States Attorney's Office, Kansas City, Kansas, for Appellees.

_____

Before **TYMKOVICH**, Chief Judge, and **McKAY** and **BALDOCK**, Circuit Judges.

**BALDOCK**, Circuit Judge.

Defendants in these consolidated appeals pleaded guilty to conspiracy to manufacture and distribute "crack" cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846. Because Defendants each had a prior felony drug conviction, they faced a mandatory minimum sentence of 20 years' imprisonment as fixed by 21 U.S.C. § 841(b)(1)(A). This mandatory minimum sentence was greater than the high end of Defendants' respective advisory guideline ranges, so 20 years became Defendants' "guideline sentence." U.S.S.G. § 5G1.1(b). Due to their substantial assistance to the

---

[*] Due to safety concerns arising from Defendants' cooperation with authorities in the investigation or prosecution of others, the Court GRANTS Defendants' respective motions to seal appellate documents. Those documents are identified in said motions. Because the Court elects to resolve these appeals in a published opinion, both the Court's caption and opinion refer to Defendants by non-identifying initials to aid in preserving their anonymity.

Government in its investigation or prosecution of others, however, the district court granted Defendants a downward departure pursuant to 18 U.S.C. § 3553(e), a statutory exception to their statutorily-mandated minimum sentence. The district court reduced C.D.'s sentence from 240 months to 180 months, E.F.'s sentence from 240 months to 170 months, and G.H.'s sentence from 240 months to 151 months. Defendants now claim 18 U.S.C. § 3582(c)(2) provides an additional statutory exception to their original 20-year mandatory minimum sentence, and so moved in the district court to further reduce their sentences. The district court denied the motions based on its review of the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3582(c)(2) provides that a court may not modify a sentence of imprisonment previously imposed except—

> *in the case of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o) [authorizing the Commission's periodic review and revision of the Sentencing Guidelines], . . .
>
> the court may reduce the term of imprisonment,
>
> after considering the factors set forth in section 3553(a) to the extent that they are applicable,
>
> if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis and spacing added). After Defendants' sentencings, the Sentencing Commission lowered by two offense levels the guideline sentencing ranges under

3

which Defendants would have been sentenced *but for* 21 U.S.C. § 841(b)(1)(A)'s mandatory minimum sentence. *See* U.S.S.G. Manual, supp. app. C, amend. 782 at 63 (Nov. 1, 2014). Unfortunately for Defendants, that "but for" is insurmountable. Under Tenth Circuit precedent, in particular *United States v. White*, 765 F.3d 1240 (10th Cir. 2014), Defendants most assuredly were not "sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Rather, the district court sentenced Defendants "based on" a mandatory minimum established by Congress of 20-years' imprisonment, reduced by a departure as authorized by Congress "so as to reflect [their] substantial assistance." 18 U.S.C. § 3553(e).[1] Exercising appellate jurisdiction pursuant to 18 U.S.C. § 3742(a), we vacate the district court's decisions denying Defendants' respective motions on the basis of the § 3553(a) factors and, consistent with controlling precedent, remand with instructions to dismiss the motions for want of subject-matter jurisdiction.

---

[1] Section 3553(e) provides: "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. . . ." The applicable policy statement labels subsection (e) a departure provision. U.S.S.G. § 5K1.1. In the Tenth Circuit, we commit the question of whether to grant a § 3553(e) departure from a mandatory minimum to the district court's sound discretion. *See United States v. Pena-Ramirez*, 468 F. App'x. 888, 891 (10th Cir. 2012) (unpublished) ("[A] district court has discretion whether to grant or deny a motion under § 3553(e)." (citing *United States v. Horn*, 946 F.3d 738, 746 (10th Cir. 1991))).

I.

Section 3582(c)(2) *plainly* tells us a defendant must overcome three *distinct* hurdles before he may obtain a sentence reduction thereunder. *White*, 765 F.3d at 1245–46 & n.4. **First**, under the statute's "based on" clause, the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing. If not, the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed. As we shall see, our decision in *White* makes the point crystal clear. *Id.* at 1242, 1245 n.3, 1250. Because this first prerequisite to § 3582(c)(2) relief presents a matter of statutory interpretation bearing on the district court's jurisdiction, it presents a question of law reviewable de novo.[2] *Id.* at 1245. **Second**, under § 3582(c)(2)'s "consistent with" clause, the defendant must establish his request for a sentence reduction is consistent with the Commission's policy statements related to § 3582(c)(2). Those statements and accompanying commentary appear at U.S.S.G. § 1B1.10. Although not a jurisdictional prerequisite to § 3582(c)(2) relief, this

---

[2] Whether § 3582(c)(2)'s "based on" clause affects the district court's authority to hear a § 3582(c)(2) motion in the jurisdictional sense is certainly debatable. We are cognizant of recent Supreme Court cases that caution us not to label a statutory limitation as jurisdictional absent a clear Congressional directive. *See*, *e.g.*, *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 824 (2013). But one panel of this Court cannot overrule another panel. Until an intervening Supreme Court decision, en banc review, or Congressional action tells us otherwise, in this Circuit *White* controls subsequent panels' construction of § 3582(c)(2). *See United States v. Wolfname*, 835 F.3d 1214, 1220 (10th Cir. 2016).

second requirement, like the first, bears on the statute's scope and thus presents a question of law reviewable de novo. *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). **Third**, the defendant must convince the district court he is entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a). Whether a defendant has satisfied § 3582(c)(2)'s third requirement is a query committed to the sound discretion of the district court and is reviewable for an abuse of discretion. *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016).

In its respective orders denying Defendants relief (all of which are nearly identical), the district court did not address § 3582(c)(2)'s first hurdle, the court wrote extensively about the statute's second hurdle, and, after a brief analysis, the court resolved the motions on the basis of its third hurdle. The court erred when it failed to address § 3582(c)(2)'s first hurdle. But its error is perhaps understandable. By conceding Defendants' motions, the Government offered the district court no help on questions regarding § 3582(c)(2)'s scope that have federal courts divided and the Sentencing Commission speaking in less-than-clear terms.[3] On appeal, the

---

[3] The Sentencing Commission's policy statements and accompanying commentary regarding § 3582(c)(2)'s "based on" clause appear wholly consistent with the statute's first requirement. For instance, the commentary states:

Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), *which is determined before consideration of any departure provision* in the

(continued...)

6

Government continues to offer little assistance by suggesting Defendants satisfy both § 3582(c)(2)'s "based on" and "consistent with" clauses.  But the Government cannot concede a court's criminal jurisdiction where it does not exist, and so we begin and end our analysis with § 3582(c)(2)'s first requirement—the "based on" clause. *United States v. McGaughy*, 670 F.3d 1149, 1155 (10th Cir. 2012) (observing that subject-matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge).

---

[3](...continued)
Guidelines Manual or any variance).  Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., *a statutory mandatory minimum of imprisonment*).

U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added).  But to determine whether a reduction would be "consistent with" the Sentencing Commission's policy statements—§ 3582(c)(2)'s second requirement—the Commission alters course and tells district courts to ignore any statutorily-mandated minimum sentence where the defendant has received a § 3553(e) downward departure for substantial assistance. U.S.S.G. § 1B1.10(c).  Some courts have held § 1B1.10(c), which the Commission added in 2014, exceeds the Commission's statutory authority.  *See*, *e.g.*, *United States v. Sawyer*, 2016 WL 7045732, at **1–8 (M.D. Ala. 2016) (slip copy), *appeal docketed*, No. 16-17679 (11th Cir. Dec. 23, 2016); *United States v. Feauto*, 146 F. Supp. 3d 1022, 1030–41 (N.D. Iowa 2015), *appeal docketed*, No. 15-3854 (8th Cir. Dec. 14, 2015).  Because we resolve these appeals on the basis of § 3582(c)(2)'s "based on" clause, we have no occasion to enter the fray surrounding its "consistent with" clause.  Compare the majority opinion in *United States v. Williams*, 808 F.3d 253 (4th Cir. 2015), where the court at best conflates § 3582(c)(2)'s first and second requirements, with the dissent, *id.* at 263 (Traxler, C.J., dissenting), which argues the "based on" clause is sufficient to dispose of the case.

7

II.

In *White*, we addressed whether § 3582(c)(2) empowered the district court to reduce a sentence where the court employed a subsequently amended applicable guideline range during the calculation of an upward departure, but did *not* rely on that range to determine the defendant's guideline sentence because he was subject to a mandatory 60-month sentence under 18 U.S.C. § 924(c). *White*, 765 F.3d at 1245. Under such circumstances, we held the court lacked § 3582(c)(2) authorization in the jurisdictional sense. *Id.* at 1242. Reasoning that the range on which a criminal sentence is based is determined "*prior to any discretionary departures*," *id.* at 1246 (emphasis in original) (quoting *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010)), we explained:

> [T]he range upon which Mr. White's sentence was "based" was the 60-month mandatory minimum . . . even though the district court ultimately departed upward therefrom, and even though that departure explicitly referenced a since-amended guideline range. To be sure, that enhancement was, in some sense, based on the now-lowered crack cocaine guidelines—in that those guidelines helped to establish the 70-to-87-month figure upon which the sentencing court relied when determining how much additional time to add to Mr. White's guideline sentence. However, his term of imprisonment—and indeed the departure-based enhancement included therein—was based on the unchanged mandatory 60-month figure that accompanied his only crime of conviction.

*Id.* (emphasis omitted). While the district court in *White* correctly decided § 3582(c)(2) did not authorize the defendant's request for a sentence reduction, we concluded the court erred in denying the motion on the merits, rather than dismissing

it for want of jurisdiction. *Id.* at 1246, 1250. We closed by observing that "[t]he remedy for any dissatisfaction with the results in particular cases [where a defendant's minimum sentence is dictated by statute] lies with Congress and not with this Court. Congress may amend the statute; we may not." *Id.* at 1250.

In the present cases, just as in *White*, each Defendant's mandatory minimum sentence was greater than the high end of his applicable guideline range. Just as in *White*, this meant the district court ultimately had to disregard the applicable range in determining each Defendant's guideline sentence. So, just as in *White,* the district court's initial sentence calculation was "based on" the statute establishing the mandatory minimum rather than the applicable guideline range. The district court then exercised its discretion, just as in *White*, to depart from Defendant's mandatory minimum. The one possibly relevant distinguishing factor between these cases and *White* is that here, unlike in *White*, the district court exercised its discretion to depart downward from the mandatory minimum sentence pursuant to § 3553(e) to reflect Defendants' substantial assistance to the Government.

But in the Tenth Circuit this distinction makes no difference. In a decision predating *White* and § 3582(c)(2), we—

> reject[ed] the notion that once a downward departure from a statutory minimum sentence has been granted pursuant to § 3553(e) . . . the sentence has been 'opened' for additional downward departures specified in the Sentencing Guidelines. . . . When a sentence is fixed by statute, any exception to the statutory directive must also be given by statute.

9

*United States v. Campbell*, 995 F.2d 173, 175 (10th Cir. 1993).  Subsequently, in

*United States v. A.B.*, 529 F.3d 1275, 1281–84 (10th Cir. 2008), we reaffirmed

*Campbell*'s holding that "only substantial assistance considerations may support a

downward departure below a mandatory minimum sentence."  And finally, *White*

explains that § 3582(c)(2) changes nothing:  "[F]or purposes of § 3582(c)(2), a

previously imposed sentence can *never* be 'based on' a discretionary departure."

*White,* 765 F.3d at 1247 (emphasis added).  Because the reason for a departure from

a mandatory minimum is irrelevant to *White'*s construction of § 3582(c)(2)'s "based

on" clause, such reason is irrelevant to our construction as well.[4]

    *White* undoubtedly stands for the categorical proposition that a district court

---

[4] For what it's worth, one distinguishing factor working against Defendants in these cases is that, unlike in *White*, the district court never relied on Defendants' *applicable* guideline ranges in determining the amount of departure from their 20-year mandatory minimum sentences.  In C.D.'s case, the record indicates the district court did not rely on the guidelines at all in determining the extent of the § 3553(e) departure.  And in the cases of E.F. and G.H., the court at best relied on a *hypothetical* guideline range—the guideline range best corresponding to 240 months or 20 years—and departed downwards therefrom. *Cf. Freeman v. United States*, 564 U.S. 522, 540 (2011) (Sotomayor, J., concurring in the judgment) (concluding that where a Rule 11(c)(1)(C) plea agreement "itself employs the particular Guidelines sentencing range *applicable* to the charged offense in establishing the term of imprisonment," a defendant is eligible for a sentence reduction under § 3582(c)(2) (emphasis added)); *see also White*, 765 F.3d at 1247 (recognizing that because *Freeman* is a plurality opinion, Justice Sotomayor's concurrence represents the holding of the Court). *White*'s statement that an earlier imposed sentence cannot be "based on" a discretionary departure for purposes of § 3582(c)(2), however, also renders this distinction irrelevant to our analysis. *White*, 765 F.3d at 1247; *contra In re Sealed Case*, 722 F.3d 361, 365–66 (D.C. Cir. 2013) (holding a § 3553(e) departure from a mandatory minimum may render a sentence "based on" an applicable guideline range for purposes of § 3582(c)(2)).

has no authority to consider a § 3582(c)(2) motion where a defendant's criminality qualifies him for a statutorily-mandated minimum sentence above an *otherwise* applicable guideline range, even when a guideline amendment subsequently lowers that range. In other words, nothing in § 3582(c)(2) suggests Congress intended therein to create another statutory exception to a mandatory minimum sentence where a defendant subject to such minimum previously was awarded a downward departure for substantial assistance pursuant to § 3553(e). Section 3553(e) is one of only two congressionally-authorized exceptions to a mandatory minimum sentence.[5] Congress has not authorized the district court to depart below a mandatory minimum sentence on the basis of factors other than substantial assistance. *A.B.*, 529 F.3d at 1280–85 (rejecting the argument that once the district court granted the defendant a § 3553(e) departure from a mandatory minimum, the court was obligated to consider granting a variance on the basis of the § 3553(a) factors). The justification for a second departure—in these cases a two-point reduction in each Defendants' *otherwise* applicable guideline range after a departure for substantial assistance—has no bearing on the fact that, as a matter of law in the Tenth Circuit, Defendants' sentences were "based on" a mandatory minimum of 20-years imprisonment.

* * *

---

[5] Where certain conditions are met, the safety valve provision codified at 18 U.S.C. §3553(f) excepts defendants who would otherwise qualify for a statutory minimum sentence from its application. Unlike § 3553(e), subsection (f) does not provide for a discretionary departure below the mandatory minimum. Rather, the safety valve provision renders the minimum inapplicable.

For all the foregoing reasons, we REMAND these cases to the district court with instructions to (1) VACATE its orders denying Defendants' respective motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and (2) DISMISS Defendants' motions for lack of jurisdiction.