FILED
United States Court of Appeals
Tenth Circuit

October 25, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARLO TOOMBS,

      Defendant - Appellant.

No. 17-3073
(D.C. No. 2:10-CR-20009-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

    Marlo Toombs, a pro se prisoner, appeals the district court's denial of his

18 U.S.C. § 3582(c)(2) motion to reduce his sentence and his motion for

reconsideration. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.

    Mr. Toombs was convicted after a jury trial of six counts related to drug

trafficking and firearms violations. The jury acquitted him of one count—using a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR). The PSR attributed 20 kilograms of cocaine base to Mr. Toombs, which resulted in a base offense level of 38. The PSR then added enhancements for possession of a firearm (2 levels), Mr. Toombs's role as a leader in the drug conspiracy (4 levels), and obstruction of justice (2 levels). This resulted in a total offense level of 46, but an application note in the United States Sentencing Guidelines (USSG or Sentencing Guidelines) instructed that any offense level greater than 43 should be treated as an offense level 43. The offense level of 43 with Mr. Toombs's criminal history category II, led to an advisory guideline sentencing range of life imprisonment.

Mr. Toombs made a number of objections to the PSR, including challenging the drug quantity and each of the separate enhancements. The district court held a sentencing hearing and overruled all of Mr. Toombs's objections, with the exception of the enhancement for obstruction of justice. The district court sustained that objection, which lowered Mr. Toombs's total offense level to 44, but due to the above-mentioned application note, his actual offense level remained at 43.

Mr. Toombs requested a downward variance to the mandatory minimum of 20 years' imprisonment. The district court denied that request, but it did vary downward from life imprisonment to 360 months' imprisonment. Mr. Toombs appealed from

the district court's judgment, but he did not raise any challenges to his sentence. *See United States v. Toombs*, 713 F.3d 1273, 1276 (10th Cir. 2013).

The Sentencing Commission subsequently amended the Sentencing Guidelines by issuing Amendment 782, which lowered the penalties for most drug offenses by reducing most offense levels on the USSG § 2D1.1 Drug Quantity table by two levels. *See* U. S. Sentencing Guidelines Manual, Supp. to app. C., Amend. 782 (U.S. Sentencing Comm'n 2016). Then the Commission issued Amendment 788, which explained that Amendment 782 could be applied retroactively. *See id.*, Amend. 788.

After these changes to the Sentencing Guidelines, Mr. Toombs filed a § 3582(c)(2) motion to modify his sentence based on Amendment 782. In the motion, he asserted that he was sentenced to a base level of 38 based on 20 kilograms of cocaine, plus a 4-level enhancement for being a leader in the drug conspiracy, to equal a total offense level of 42. He further asserted that because his 20 kilograms of cocaine base now corresponds to a level 36, rather than a level 38, his new total offense level would be 40, which would result in a guideline range of 324 to 405 months. He requested a sentence at the bottom of the new guideline range.

The district court denied the motion. The court noted that Mr. Toombs was correct that the 20 kilograms of cocaine base attributed to him now resulted in a base level of 36. But the court explained that Mr. Toombs had failed to include the two-level enhancement for possession of a firearm when making his guideline calculation. The district court further explained that a base level of 36, plus the

3

4-level enhancement for leadership role, plus the 2-level enhancement for firearm possession equaled a total offense level of 42, which resulted in an amended guideline range of 360 months to life imprisonment. Because Mr. Toombs's sentence of 360 months' imprisonment was already at the bottom of the amended guideline range, the district court determined that § 3582 could not provide him any relief.

Mr. Toombs then filed a motion for reconsideration. He argued that the district court chose to forego any sentence enhancements based on firearms at the sentencing hearing. He also sought to challenge the court's drug-quantity determination. The court denied the motion. This appeal followed.

## II.

We review for abuse of discretion a district court's denial of a § 3582(c) motion for sentence reduction. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). In conducting this review, we review de novo the district court's interpretation of a statute or the Sentencing Guidelines. *Id*.

Mr. Toombs argues that the district court abused its discretion in denying his § 3582(c)(2) motion because the district court relied on a clearly erroneous fact—that it had applied a two-level enhancement for possession of a firearm at Mr. Toombs sentencing. He also argues that the court erred in concluding that he was not entitled to a reduction in his sentence based on Amendment 782. We disagree with Mr. Toombs on both arguments.

The record reflects that the court did apply a two-level enhancement for possession of a firearm when calculating the applicable guideline range. At the

4

sentencing hearing, the court noted that Mr. Toombs was objecting "to the enhancement for the possession of the firearm . . . that would be Paragraph 66, [and] defendant's objecting to that two level adjustment." R., Vol. 2 at 1260. The court then discussed the applicable commentary, case law, and the evidence. *Id.* at 1261. Ultimately the court ruled "that the government has met their burden regarding this enhancement as set out in Paragraph 66" and that "defendant's objection to Paragraph 66 is overruled." *Id.* at 1261-62.

The court also noted in its Statement of Reasons in support of the sentence that the objection to Paragraph 66 had been overruled. The court did note, however, that although it applied the firearm enhancement correctly, the resulting guideline range was higher than if Mr. Toombs had been convicted of the 924(c) firearms offense. The court thought this resulted in a twisted application of the Sentencing Guidelines and therefore it was a permissible ground on which to vary downward.

The district court determined that the guideline range had been "accurately calculated," *id.* at 1290, and the decision to vary downward did not affect the applicable guideline range, *see United States v. Corber*, 596 F.3d 763, 768 (10th Cir. 2010) (explaining that the "applicable guideline range" is the one calculated prior to any discretionary variances). There is no basis for Mr. Toombs's position that the court did not apply the 2-level firearm enhancement when calculating the applicable guideline range.

Pursuant to 18 U.S.C. § 3582(c)(2), a court may reduce a sentence only when the defendant "has been sentenced to a term of imprisonment based on a sentencing

5

range that has subsequently been lowered by the Sentencing Commission[,]" as long as "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and "after considering the factors set forth in section 3553(a) to the extent that they are applicable."

We have recently explained that a defendant must "overcome three *distinct* hurdles before he may obtain a sentence reduction [under § 3582(c)(2)]." *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017), *petition for cert. filed*, No. 16-9672 (U.S. June 20, 2017). "**First**, under the statute's 'based on' clause, the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing." *Id.* "**Second**, under § 3582(c)(2)'s 'consistent with' clause, the defendant must establish his request for a sentence reduction is consistent with the Commission's policy statements related to § 3582(c)(2). Those statements and accompanying commentary appear at [USSG] § 1B1.10." *Id.* "**Third**, the defendant must convince the district court he is entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a)." *Id.* at 1289-90.

We agree with Mr. Toombs that he can overcome the first hurdle. Amendment 782 lowered Mr. Toombs's base offense level by two levels to 36. That base level of 36 plus the two enhancements (4 levels for leadership role and 2 levels for firearm possession) equals a total offense level of 42. When considered with his criminal history category II, the amended guideline range is 360 months to life imprisonment.

6

Mr. Toombs's sentence was therefore "based on" a guideline range that the Commission lowered subsequent to his sentencing.

But Mr. Toombs cannot overcome the second hurdle because a reduction in his sentence would not be "consistent with" the policy statement in USSG § 1B1.10. That policy statement explains that, except for a provision not applicable here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." USSG § 1B1.10(b)(2)(A). Mr. Toombs previously received a downward variance to a sentence of 360 months' imprisonment, which is the bottom or "minimum" of the amended guideline range. The district court was therefore correct that Mr. Toombs was ineligible for a reduction of his sentence to a term below 360 months' imprisonment. *See United States v. Rhodes*, 549 F.3d 833, 841 (10th Cir. 2008) ("Under the current version of [§ 1B1.10], the Sentencing Commission has clearly indicated that a sentencing court shall not, in modifying a previously imposed sentence on the basis of an amended guideline, impose a sentence below the amended guideline range."). Accordingly, the district court did not err in its interpretation of § 3582(c)(2) or the Sentencing Guidelines and it did not abuse its discretion in denying the § 3582(c)(2) motion.

### III.

We next consider Mr. Toombs's appeal from the denial of his motion for reconsideration, which we review for abuse of discretion, *United States v. Randall*,

666 F.3d 1238, 1241 (10th Cir. 2011).  Reconsideration is appropriate if the defendant shows "a change of controlling law or clear error."  *Id*.

Mr. Toombs first argues that his motion for reconsideration "was properly before the court to prevent clear error and manifest injustice because the district court's ruling contradicted the record."  Aplt. Br. at 6 (boldface omitted).  This argument relates to (1) the alleged error regarding the two-level firearm enhancement and (2) an allegation that the district court "was not specific in its drug quantity calculations."  *Id*.  As discussed above, contrary to Mr. Toombs's argument on the first issue, the record shows that the district court did apply the two-level firearm enhancement.  This argument therefore provided no basis for reconsideration.

With respect to the second issue, the district court noted that in Mr. Toombs's § 3582(c)(2) motion, "defendant did not challenge the [drug] amount or argue that it needed to be supplemented based on the original record."  R., Vol. 4 at 363-64.  The court further noted that "Defendant does not state why he could not have raised this issue in his original motion . . . , cite controlling authority contrary to the court's order, disclose any newly available evidence, or show that it was clear error or manifest injustice for the court to deny relief."  *Id*. at 364.  But the court went on to determine that "[e]ven if defendant had raised his current claim in his original motion, he would not be entitled to relief.  Section 3582(c)(2) proceedings do not constitute a full resentencing of the defendant."  *Id*. (internal quotation marks omitted).   We see no abuse of discretion in the district court's resolution of this issue.

8

Mr. Toombs's next argument is somewhat repetitive as he again asserts that the district court did not make a specific drug-quantity calculation and should have made supplemental findings. But the district court did make a specific drug-quantity calculation. It overruled Mr. Toombs's objections to the PSR's calculation of the drug quantity and found that "the 20-kilogram quantity is well supported by a preponderance of the evidence." R., Vol. 2 at 1250-51. In denying the motion for reconsideration, the court properly ruled that there was no basis to supplement its drug-quantity finding.

The court also accurately characterized Mr. Toombs's argument as a request to "revisit [the court's] factual findings made at his original sentencing and determine that [his co-defendant's] testimony and the findings in the PSR are inaccurate." *Id*., Vol. 4 at 365. But the court correctly determined that revisiting its drug-quantity finding would be "improper in a § 3582(c)(2) proceeding." *Id*. The Supreme Court has explained that the scope of § 3582(c)(2) is "narrow" and the text "shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Accordingly, we conclude the district court did not abuse its discretion in denying the motion for reconsideration.

IV.

For the foregoing reasons, we affirm the district court's judgment.

Entered for the Court


Paul J Kelly, Jr.
Circuit Judge