**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN MATA-SOTO,

    Defendant - Appellant.

No. 22-3012
(D.C. No. 2:08-CR-20160-KHV-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Juan Mata-Soto, a federal inmate appearing pro se,[1] appeals the district court's

dismissal of his motion for modification of his sentence under 18 U.S.C.

§ 3582(c)(2). Because the district court correctly concluded it lacked jurisdiction to

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Mata-Soto is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

consider his motion, we affirm its dismissal of Mr. Mata-Soto's motion and deny him leave to proceed in forma pauperis ("IFP").

## I.    BACKGROUND

Mr. Mata-Soto pleaded guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. At sentencing, the district court attributed 78.93 kilograms of methamphetamine to Mr. Mata-Soto, resulting in a base offense level of 38 under the United States Sentencing Commission Guidelines Manual §2D1.1(c)(1) (2009). Mr. Mata-Soto initially objected to the district court's attribution of 78.93 kilograms and the resultant base offense level calculation. He withdrew his objection before sentencing, however, and his counsel confirmed the withdrawal of the objection on the record at the sentencing hearing. Following the applicable Guidelines range, the court sentenced Mr. Mata-Soto to life in prison. Mr. Mata-Soto sought a modification of his sentence from the district court under 18 U.S.C. § 3582(c)(2) because he claimed the United States Sentencing Commission retroactively lowered his Guidelines range. The district court dismissed his motion, concluding it lacked jurisdiction to consider it. Mr. Mata-Soto now appeals that dismissal.

## II.    DISCUSSION

The scope of a district court's authority under § 3582(c)(2) is a question of law reviewed de novo. *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013) (*abrogated on other grounds*, *see Hughes v. United States*, 138 S. Ct. 1765 (2018)).

2

Generally, federal courts lack jurisdiction to modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010). A district court, however, may modify a sentence if there is statutory authorization to do so. *Graham*, 704 F.3d at 1277. Section 3582(c)(2) allows courts to consider certain factors and reduce a sentence that was based on a Guidelines sentencing range when that sentencing range was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). This court has been clear that under § 3582(c)(2) "the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing." *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017). If the defendant fails to make that showing "the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed." *Id*. The district court concluded it lacked jurisdiction to consider Mr. Mata-Soto's motion because he failed to show a subsequent amendment lowered his Guidelines range. We agree.

Mr. Mata-Soto argues Guidelines Amendment 782 lowered his Guidelines range. 79 Fed. Reg. 25996, 25999 (May 6, 2014) ("Amendment 782"). And to be sure, Amendment 782 did lower the base offense levels for certain drug offenses. *Id.* The Guidelines, as amended, impose a base offense level of 38 for offenses involving at least forty-five kilograms of methamphetamine, however. USSG §2D1.1(c)(1) (2021). Because the court attributed more than forty-five kilograms of methamphetamine to Mr. Mata-Soto, Amendment 782 does not impact

Mr. Mata-Soto's applicable Guidelines range. Mr. Mata-Soto would still have a base offense level of 38, regardless of the amendment.[2]

While Mr. Mata-Soto argues the district court improperly attributed the 78.93 kilograms of methamphetamine in his case, he withdrew any objection to that calculation at sentencing. Mr. Mata-Soto also pleaded guilty to a count involving fifty or more grams of methamphetamine, an amount beyond the forty-five-kilogram threshold in the amended Guidelines. And regardless, a request for the court to recalculate drug quantity goes far beyond the proper scope of § 3582(c) proceedings. *See* USSG §1B1.10(b)(1) (stating a court "shall substitute only the amendments. . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected"); *see also United States v. Larsen*, 664 F. App'x 751, 753 (10th Cir. 2016) (unpublished) (explaining the district court had no ability to revisit Guidelines calculations because the defendant did not object to the calculation of drug quantity at sentencing and Amendment 782 does not impact how quantities of drugs are calculated). Because Mr. Mata-Soto cannot show Amendment 782 lowered his applicable Guidelines range, the district court correctly concluded it did not have jurisdiction to consider his motion.

---

[2] According to a Sentencing Commission policy statement, if an amendment, including Amendment 782, "does not have the effect of lowering the defendant's applicable guideline range," a reduction is "not authorized under 18 U.S.C. § 3582(c)(2)". USSG §1B1.10(a)(2).

## III.    CONCLUSION

For these reasons, we AFFIRM the district court's dismissal of

Mr. Mata-Soto's motion.[3]

Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

[3] We deny Mr. Mata-Soto's motion to proceed IFP. Mr. Mata-Soto must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also United States v. Springer*, 820 F. App'x 788, 792 (10th Cir. 2020) (unpublished). As the district court explained in its order, it does not have jurisdiction to consider Mr. Mata-Soto's motion. On appeal, Mr. Mata-Soto does not engage with this reality but instead largely repeats arguments he made to the district court. He therefore did not make a "reasoned, nonfrivolous" argument on appeal. *Id*.