FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHAWN J. GIESWEIN,

    Defendant - Appellant.

No. 23-6064
(D.C. No. 5:07-CR-00120-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Shawn J. Gieswein, a federal prisoner proceeding pro se, appeals the

district court's dismissal of his motion seeking a sentence reduction under 18 U.S.C.

§ 3582(c)(2) for lack of jurisdiction.  Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

Mr. Gieswein was convicted in 2008 of being a felon in possession of a

firearm and witness tampering.  He is serving a 240-month prison sentence pursuant

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

to an amended judgment entered in 2016.  Mr. Gieswein filed a motion in April 2023 seeking a sentence reduction based on an amendment to the sentencing guidelines promulgated by the Sentencing Commission.  The amendment was scheduled to be submitted to Congress on May 1, 2023.  It would take effect on November 1, 2023, if not blocked by Congress.  At the time Mr. Gieswein filed his motion, the Sentencing Commission had not yet conducted a retroactivity impact analysis to determine whether the relevant amendment would be applied retroactively to previously sentenced defendants.

The district court dismissed Mr. Gieswein's motion for lack of jurisdiction because the court was not statutorily authorized to modify his sentence.  In particular (among other reasons), the amendment he relied on for a sentence reduction was not yet effective in April 2023.

We review de novo the scope of the district court's authority to modify a sentence under § 3582(c)(2).  *See United States v. Williams*, 575 F.3d 1075, 1076 (10th Cir. 2009).  "Generally, a district court may not modify a term of imprisonment once it has been imposed."  *Id.* at 1077 (internal quotation marks omitted).  But Congress has established a narrow exception to that rule of finality in § 3582(c)(2).  *See id.*  That section authorizes a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  § 3582(c)(2).  Because the amendment that Mr. Gieswein relied on was not yet effective when he filed his motion, the Sentencing Commission had not yet "lowered" any sentencing range.  He

2

therefore failed to overcome the first hurdle to obtain a sentence reduction under

§ 3582(c)(2). *See United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017).[1]

On appeal, Mr. Gieswein concedes that the amendment he relied on for a sentence reduction was not yet effective when he filed his motion and that his motion was therefore premature. His predictions that the amendment would become effective and would be made retroactive did not give the district court jurisdiction to act on the amendment beforehand. *See id.* (requiring dismissal of a motion for lack of jurisdiction where defendant fails to show he was sentenced based on a guideline range subsequently lowered by the Sentencing Commission).

We affirm the district court's judgment. We deny as moot Mr. Gieswein's request to abate this appeal until the amendment becomes effective. We also deny his request for assignment of his case to a new district court judge. And we deny Mr. Gieswein's motion to proceed on appeal without prepayment of fees and costs. Consequently, he must immediately pay the full amount of appellate filing fees and costs.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[1] We take no position on whether the relevant amendment would result in a reduction of Mr. Gieswein's sentence once it became effective.