**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 23, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DUSTIN ALAN WALL,

    Defendant - Appellant.

No. 24-1315
(D.C. No. 1:18-CR-00360-WJM-2)
(D. Colo.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.

———————————————————

Dustin Alan Wall, proceeding pro se, appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The government requests that we vacate the denial and remand to the district court with instructions to dismiss for lack of subject-matter jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court.

———————————————

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Wall pleaded guilty to interference with commerce by threats or violence and aiding and abetting (Count 1); bank robbery and aiding and abetting (Count 2); and possession of a firearm during and in relation to a crime of violence and aiding and abetting (Count 3).

At sentencing, the district court calculated a total offense level of 30 and a criminal history score of five, which included an increase of two criminal history points for committing an offense while on probation, yielding a criminal history category of III. His guideline imprisonment range on Counts 1 and 2 was 121 to 151 months. But the district court varied downward after considering Wall's history and characteristics under 18 U.S.C. § 3553(a). The district court sentenced Wall to 100 months' imprisonment each on Counts 1 and 2, to run concurrently, and 60 months' imprisonment on Count 3, to run consecutively. Wall did not appeal.

In October 2023, Wall moved for § 3582(c)(2) relief, asking the district court to reduce his sentence under the retroactive guideline changes enacted by the United States Sentencing Commission in its Amendment 821. That amendment, which took effect in November 2023, reduced Wall's criminal history category from III to II because he was no longer assessed two criminal history points for committing an offense while on probation. *See* United States Sentencing Guidelines (U.S.S.G.) § 4A1.1(e) (giving criminal history points for committing an offense while on probation only if the defendant has at least

seven criminal history points). He asked the district court to reduce his sentence in accordance with his amended guideline range of 108 to 135 months on Counts 1 and 2. The district court denied the motion because his 100-months sentence was less than the minimum of his amended guideline range after applying Amendment 821. Wall timely appealed.[1]

## DISCUSSION

Wall argues on appeal that he was entitled to a sentence reduction under § 3582(c)(2) because the Sentencing Commission retroactively lowered his sentencing range through Amendment 821. Wall requests that we vacate the district court's denial of his motion. The government contends that the district court rightly rejected Wall's § 3582(c)(2) motion, but that the district court did so on the wrong grounds. In the government's view, the district court lacked jurisdiction over Wall's motion, and we should therefore vacate the district court's order denying the motion and remand with instructions to dismiss the motion for lack of jurisdiction.

We must decide (1) whether the district court had jurisdiction to grant Wall's § 3582(c)(2) motion asserting that his sentence was "based on" a retroactively enforceable sentencing-guidelines amendment, and (2) if so, whether the district court erred by declining to grant it for its being inconsistent

---

[1] Before the district court, Wall also moved for compassionate release under 18 U.S.C. § 3582(c)(1). It was denied. Wall's briefing on appeal does not target that ruling and we do not view his appeal as challenging the district court's denial of his motion for compassionate release.

3

with the Sentencing Commission's policy statements, namely, U.S.S.G. § 1B1.10. We begin by outlining § 3582(c)(2)'s framework, and then we conclude that Wall is ineligible for a sentencing reduction under § 3582(c)(2) for nonjurisdictional reasons. So we affirm the district court.

## I.    Section 3582(c)(2)'s Framework

A federal district court has jurisdiction to reduce a defendant's sentence only where Congress has expressly authorized it do so. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). One such authorization is § 3582(c)(2). That statute provides a court jurisdiction to reduce a sentence for a defendant "who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2) (emphasis added). And if a defendant meets that condition, a court may grant a sentence reduction so long as doing so is "*consistent with* applicable policy statements issued by the Sentencing Commission." *Id.* (emphasis added). If the defendant establishes such consistency, the court must also consider "the factors set forth in section 3553(a)" before reducing a sentence under § 3582(c)(2). *Id.*

Applying that statutory language, we have held that "Section 3582(c)(2) *plainly* tells us a defendant must overcome three *distinct* hurdles before he may obtain a sentence reduction thereunder." *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (citing *United States v. White*, 765 F.3d 1240, 1245–46 &

4

n.4 (10th Cir. 2014)). The three hurdles are (1) the "based on" clause, (2) the "consistent with" clause, and (3) the § 3553(a) factors. *Id.* at 1289–90.

"**First**, under the statute's 'based on' clause, the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing." *Id.* at 1289. Without such a showing, the district court "lacks jurisdiction" over the defendant's motion and the motion must be dismissed. *Id.* (citing *White*, 765 F.3d at 1242, 1245 n.3, 1250). "Because this first prerequisite to § 3582(c)(2) relief presents a matter of statutory interpretation bearing on the district court's jurisdiction, it presents a question of law reviewable de novo."[2] *Id.* (citing *White*, 765 F.3d at 1245).

"**Second**, under § 3582(c)(2)'s 'consistent with' clause, the defendant must establish his request for a sentence reduction is consistent with the Commission's policy statements related to § 3582(c)(2)." *Id.* Those policy statements appear at U.S.S.G. § 1B1.10. *Id.* Unlike the "based on" clause, we have commented in dicta that "this second requirement"—consistency with the Commission's policy statements—is "not a jurisdictional prerequisite to § 3582(c)(2) relief." *Id.* Though nonjurisdictional, the "consistent with" clause

---

[2] We have questioned our holding that § 3582(c)(2)'s "based on" clause is jurisdictional. *C.D.*, 848 F.3d at 1289 n.2; *see also United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that the Tenth Circuit's precedent on the jurisdictional nature of § 3582(c) "has been called into serious question"). But we are bound by our precedent until "an intervening Supreme Court decision, en banc review, or Congressional action tells us otherwise." *C.D.*, 848 F.3d at 1289 n.2.

"bears on the statute's scope and thus presents a question of law reviewable de novo." *Id*. (citing *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)); *see also United States v. Rhodes*, 549 F.3d 833, 841 (10th Cir. 2008) (holding that the "consistent with" clause affects the extent of judicial authority).

"**Third**," to gain § 3582(c)(2) relief, "the defendant must convince the district court he is entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a)." *Id.* at 1289–90. "Whether a defendant has satisfied § 3582(c)(2)'s third requirement is a query committed to the sound discretion of the district court and is reviewable for an abuse of discretion." *Id.* at 1290 (citing *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016)).

In sum, § 3582(c)(2)'s "based on" requirement is jurisdictional and reviewed de novo; the "consistent with" requirement is nonjurisdictional but affects the statute's scope and is also reviewed de novo; and finally, consideration of the § 3553(a) factors is nonjurisdictional and reviewed for an abuse of discretion. *Id.* at 1289–90.

## II.    Wall's § 3582(c)(2) Motion

This appeal is about the first and second of § 3582(c)(2)'s three requirements: the "based on" clause and the "consistent with" clause. As to the first requirement, we agree with the parties and the district court that Wall was sentenced "based on" a guideline range the Sentencing Commission lowered after Wall's sentencing. § 3582(c)(2). The district court sentenced Wall using a

6

guideline range of 121 to 151 months on Counts 1 and 2. Amendment 821 retroactively lowered that range to 108 to 135 months. *See* U.S.S.G. § 4A1.1(e) (reflecting Amendment 821 part A); *id.* § 1B1.10(d) (including Amendment 821 part A as a basis for a lowered guideline range). So Wall overcomes § 3582(c)(2)'s jurisdictional "based on" requirement.[3]

Still, Wall must satisfy § 3582(c)(2)'s second hurdle by showing that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). As the district court correctly concluded, Wall cannot overcome this requirement because of the binding policy statement in § 1B1.10(b)(2)(A). That statement provides that a "court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."[4] U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 822 (2010) ("§ 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence to a term that is less than the minimum of the amended guideline range." (internal quotation marks omitted)).

---

[3] Wall argues the district court erred because he was sentenced "based on" a guideline range that was later lowered. Op. Br. at 3 (citing *Hughes v. United States*, 584 U.S. 675, 691 (2018)). But the district court agreed that Wall satisfied § 3582(c)(2)'s "based on" clause. R. vol. I, at 275–77. Rather, the district court concluded that Wall nevertheless failed to satisfy § 3582(c)(2)'s "consistent with" clause. *Id.*

[4] The policy includes an exception for below-guideline sentences that are based on the defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(B). That exception does not apply here.

As noted above, Wall's amended guideline range after factoring in Amendment 821 is 108 to 135 months. So the 100-month sentence previously imposed is lower than the low-end of that amended guideline range. Any reduction to his sentence would conflict with § 1B1.10(b)(2)(A)'s prohibition on reducing a sentence to a term that is less than the minimum of the amended guideline range. Thus, the district court correctly concluded that Wall failed to satisfy § 3582(c)(2)'s "consistent with" requirement, and we affirm the district court's reason for denying Wall's motion for sentence reduction.

The government agrees that Wall is not entitled to § 3582(c)(2) relief for those same reasons. But the government asserts that Wall's failure to satisfy § 3582(c)(2)'s "consistent with" clause means that the district court did not have jurisdiction to hear Wall's motion. Resp. Br. at 9–10, 13. In support, the government cites *White*, where we suggested in dicta that movants must satisfy § 3582(c)(2)'s "consistent with" clause to provide the court jurisdiction. 765 F.3d at 1245 n.3, 1246 n.4. But we later stated in *C.D.* that the "consistent with" clause is "not a jurisdictional prerequisite to § 3582(c)(2) relief." 848 F.3d at 1289. So *C.D.* forecloses the government's argument that the district court lacked jurisdiction to hear Wall's motion.[5]

---

[5] Though we reject it here, the government's position is understandable. Indeed, our own unpublished cases inconsistently approach the jurisdictional nature of § 3582(c)(2)'s requirements. For example, we often affirm denials of § 3582(c)(2) motions, based on the "consistent with" clause, without reference to jurisdiction. *See United States v. Smith*, No. 24-4036, 2024 WL 3874414, at

*(footnote continued)*

8

**CONCLUSION**

We affirm the district court.


Entered for the Court


Gregory A. Phillips
Circuit Judge

---

*1–2 (10th Cir. Aug. 20, 2024) (affirming nonjurisdictional denial for failure to satisfy the "consistent with" clause); *United States v. Toombs*, 712 F. App'x 791, 795 (10th Cir. 2017) (same). But we have also vacated district courts' denials of § 3582(c)(2) motions, based on the "consistent with" clause, and remanded to dismiss for lack of jurisdiction. *See United States v. Jenkins*, 733 F. App'x 445, 448 (10th Cir. 2018) (lacking jurisdiction for failure to satisfy the "consistent with" clause).